# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CRUZ VARGAS, | : CIVIL ACTION NO. 3:CV-12-2207 |
| Plaintiff | : (Judge Nealon) |
| v. | : |
| DAVID A. VARANO, et al., | : |
| Defendants | : |

FILED
SCRANTON
JAN 2 3 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

Plaintiff, Julio Cruz Vargas, an inmate formerly confined in the Moshannon Valley Correctional Center, filed the above captioned action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). He complains of events which occurred at his former place of confinement, the State Correctional Institution, Coal Township ("SCI-Coal Township").

On December 17, 2013, this Court issued an Order striking Plaintiff's first amended complaint as contravening Federal Rules of Civil Procedure 8 and 20, and directing Plaintiff to file a second amended complaint on or before January 6, 2014. (Doc. 38).

On December 30, 2013, the December 17, 2013 Order was returned to the Court as undeliverable. See (Doc. 39). Realizing that the Order had been served on Plaintiff at SCI-Coal Township, his former place of confinement, the Court directed

that the Clerk of Court re-serve the Order on Plaintiff at the Moshannon Valley Correctional Center. See (January 3, 2014, Court Docket Annotation).

On January 13, 2014, this Court's December 17, 2013 Order, served on Plaintiff at the Moshannon Valley Correctional Center, was returned as undeliverable. See (Doc. 40). A subsequent telephone inquiry to the Moshannon Valley Correctional Center by this Court revealed that Vargas was released on January 3, 2014.

For the reasons set forth below, Plaintiff's action will be dismissed for failure to prosecute and to comply with a court order.

**Discussion**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Additionally, district courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Because of the severity of a dismissal sanction, district courts should provide a plaintiff with an opportunity to explain his or her reasons for failing to prosecute the action or comply with court orders prior to dismissing a case sua sponte. Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008). Accord Reshard v. Lankenau Hosp., 256 Fed. Appx. 506, 507 (3d Cir. 2007) ("Moreover, 'a District Court may dismiss a complaint for failure to prosecute

even without affording notice of its intention to do so or providing an adversary hearing before acting.'"), quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)). After a plaintiff is given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

This Court has no means of providing notice of its intent to dismiss because Plaintiff has not provided his current address. Significantly, a pro se plaintiff has the affirmative obligation to keep the court informed of his address. See M.D. Pa. L.R. 83.18 (stating that an unrepresented "party shall maintain on file with the clerk a

current address" and "[s]ervice of any notices, copies of pleadings, motions or papers in the action at the address currently maintained on file in the clerk's office by a party shall be deemed to be effective service upon such party"). Should such address change in the course of the litigation, the plaintiff shall immediately inform the court of such change, in writing. In this Court's Standing Practice Order, mailed to Plaintiff on November 5, 2012, he was advised of this "affirmative obligation" and told that "[i]f the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his [] address, the plaintiff will be deemed to have abandoned the lawsuit." (Doc. 4, p. 4).

Vargas' last communication with this Court was a November 1, 2013 letter to the Court. See (Doc. 37). Vargas has not communicated with the Court since the filing of this letter, nor has he filed a second amended complaint. The record clearly indicates that he has been released from the Moshannon Valley Correctional Center and has failed to provide the Court with a current address. Thus, it is reasonable to conclude that Vargas has abandoned this suit. See Figueroa v. United States, 2013 U.S. Dist. LEXIS 128124, *3-4 (M.D. Pa. 2013) (Jones, J.) (determining that the plaintiff's failure to maintain a current address shows that he abandoned the litigation and finding that the Poulis factors weighed in favor of dismissal). Consequently,

because Plaintiff's dilatoriness outweighs any other <u>Poulis</u> factors, this action will be dismissed.

      A separate Order will be issued.

Dated: January 23, 2014

                                                                   **United States District Judge**